## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| MELVIN HARDY, JR., | ) | |
| | ) | |
| Petitioner, | ) | **2:16-CV-8014-KOB** |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

The petitioner filed a habeas corpus petition on February 25, 2016,[1] seven months after the limitations period to file the petition expired on July 24, 2015 (doc. 23).[2]  In his habeas petition regarding its untimeliness, the petitioner stated that his "[c]ounsel failed to file an appeal" and that he was "not placed on notice because [he] had been waiting on Counsel Threatt['s] answer on the outcome of the appeal process . . . which caused [him] to be time[-]barred."  (Doc. 1 at 10).  The petitioner also claimed that "the district court never placed [him] on notice of this petition and the timeness [sic] thereof."  *Id.*

The petitioner acknowledged in his petition that it is untimely, but the court gleaned from his comments regarding timeliness that the petitioner wanted this court to apply equitable tolling

---

[1]  Pursuant to the prisoner "mailbox rule," the court deems the petition filed the date the petitioner signed it and purportedly delivered it to prison officials.

[2]  The district court sentenced the petitioner on July 9, 2014 (doc. 18 in 2:13-cr-527-KOB-JEO), and he did not file an appeal.  The one year statute of limitations in 28 U.S.C. § 2255(f) began to run when his fourteen-day appeal time expired, or on July 24, 2014.  Therefore, the petitioner had until July 24, 2015 to file his habeas petition under 28 U.S.C. § 2255(f).

and allow his untimely habeas petition to move forward.  The court then issued a Show Cause

Order to the petitioner on March 15, 2016, ordering him to show case in writing why it should

not dismiss his petition as untimely and to include in his response "*each and every fact* to support

that he pursued his rights with reasonable diligence and that extraordinary circumstances caused

his untimeliness."  (Doc. 2) (emphasis added).

　　　In his response to the court's Show Cause Order, the petitioner maintains that he told his

attorney to file a direct appeal of his criminal judgment, but his attorney failed to do so.  He

seems to claim that he did not file a timely habeas motion because he thought his attorney had

filed a direct appeal, and he was "awaiting to hear from his appointed counsel" about his appeal,

but he never heard from him.  The petitioner asserts that given "the fact that it takes at least six

months for an appeal to be heard, [the petitioner] took the matter in his [own] hands" by filing

this habeas petition.  According to the petitioner, had his counsel filed an "Anders Brief" in a

direct appeal or withdrew from his case altogether, the petitioner would have known that an

appeal was not pending, and his habeas petition would have been timely. He also claims that his

"lack of proficiency" in English, reading, and spelling constitutes extraordinary circumstances to

support equitable tolling.  (Doc. 3).

　　　The court acknowledges that had the petitioner filed a timely petition, his claims that his

attorney failed to file an appeal as instructed may give rise to an ineffective assistance of counsel

claim under *Strickland v. Washington*, 466, U.S. 668 (1984).  *See Gomez-Diaz v. United States*,

433 F.3d 788, 791-92 (11th Cir. 2005); *see also Tucker v. United States*, 249 F. App'x 763, 765

(11th Cir. 2007) (stating that the fact that the court found that [the petitioner] had asked his

lawyer to file an appeal of his sentence but the lawyer failed to do so "would constitute

ineffective assistance of counsel *per se*," citing *Peguero v. United States*, 526 U.S. 23 (1999)).

However, the petitioner's habeas petition in this case is untimely, and he has failed to give any

facts regarding how, if at all, he pursued his rights diligently to warrant equitable tolling in this

case.  Equitable tolling applies only if the petitioner shows "(1) that he has been pursuing his

rights diligently, *and* (2) that some extraordinary circumstance stood in his way and prevented

timely filing." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (quoting *Holland v.*

*Florida*, 130 S. Ct. 2549, 2562 (2010)) (emphasis added).  Under the first requirement of

equitable tolling, the petitioner must pursue his rights with "reasonable diligence" rather than

"maximum feasible diligence." *Holland*, 130 S. Ct. at 2565.

After the court gave the petitioner an opportunity to present facts to support that he

pursued his rights with reasonable diligence, the petitioner failed to do so.  The petitioner has

failed to explain when he learned of his attorney's failure to file an appeal; if he attempted to

contact his attorney or send any letters to him asking about his appeal; if he contacted the Clerk

to inquire about his appeal if he could not get in touch with his attorney; or why he waited so

long to file his § 2255 petition.  *See Doe v. United States*, 469 F. App'x 798, 800 (11th Cir.

2012).  He merely says that his attorney failed to file an appeal as instructed and that he was

"waiting" to hear from his attorney, but he gives no facts to show how he exercised diligence in

pursuing his rights.

The petitioner did say that he thought an appeal took at least six months. So, if his

attorney had filed an appeal on the petitioner's behalf, as allegedly instructed, by the July 24,

2014 deadline for his habeas petition, the petitioner should have made some effort around

January 24, 2015 to contact his attorney regarding the status of his appeal. The petitioner fails to

explain how he pursued his rights diligently between January 24, 2015 and July 24, 2015, which was the deadline to file a timely habeas petition.  Instead, all the petitioner claims is that he was "waiting" for his attorney to tell him about the results of his appeal; he even blames this court for not giving him notice that his habeas petition was due by July 24, 2015, which the court has no obligation to do without an inquiry.  But his response says nothing about the petitioner's *own* efforts to pursue his rights diligently in learning that his attorney failed to file his direct appeal or in attempting to file his habeas petition on time.

Furthermore, under the second requirement, the petitioner must show that an extraordinary circumstance caused the petitioner to file the petition late.  *San Martin,* 633 F.3d at 1267.  The petitioner claims that his "lack of proficiency" in English, reading, and spelling constitute extraordinary circumstances. However, he fails to explain how these lack of proficiencies prevented him from exercising reasonable diligence or otherwise allege a causal connection between these lack of proficiencies and his failure to timely file a § 2255 motion.  *See San Martin*, 633 F.3d at 1267.  His conclusory statements with no explanation do not meet his burden to show exceptional circumstances prevented him from filing his habeas petition on time.

Based on these requirements for equitable tolling, the court cannot find adequate grounds in his petition to warrant application of this doctrine.  Moreover, the petitioner has not raised actual innocense as a ground for applying the equitable tolling doctrine, and the court finds no grounds to apply that doctrine based on actual innocense.  Therefore, the court finds that his habeas petition is due to be dismissed as barred by the statute of limitations.

The court will enter a separate Order in conformity with this Memorandum Opinion.

DONE and ORDERED this 6th day of October, 2016.

_KARON OWEN BOWDRE_
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE